UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVINDER PAL SINGH SUNAK,<br>Plaintiff,<br>v.<br>CITY OF VALLEJO, et al.,<br>Defendant. | Case No. 2:25-cv-02624-DC-CSK (PS)<br><br>ORDER AND FINDINGS & RECOMMENDATIONS<br><br>(ECF Nos. 16, 20) |

Pending before the Court is Defendant City of Vallejo and Doe Officer Defendants' motion to dismiss the First Amended Complaint and Plaintiff Arvinder Pal Singh Sunak's motion for relief and request to consider Plaintiff's opposition.[1] (ECF Nos. 16, 20.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the June 30, 2026 hearing.

For the reasons that follow, the Court GRANTS Plaintiff's motion for relief and recommends GRANTING IN PART AND DENYING IN PART Defendants' motion to dismiss.

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

Plaintiff Arvinder Pal Singh Sunak alleges that in March 2023, a writ of possession was executed in an action concerning his residence, which was executed and satisfied on or about March 21, 2023. First Amended Complaint ("FAC") at 2 (ECF No. 15). Plaintiff alleges that on or about April 2023, after the execution of the writ of possession, he and his family were permitted to reoccupy the residence. *Id*.

Plaintiff alleges on September 13, 2023, Doe Officer Defendants intervened in a civil housing dispute at Plaintiff's dwelling and removed Plaintiff and his family from their home without first seeking a valid writ of possession or having judicial authorization to do so. *Id*. at 3. Following the removal, Plaintiff alleges that "a restrained party" installed a new alarm system and changed the locks. *Id*. Plaintiff alleges that he subsequently disabled the alarm system and restored access to the dwelling. *Id*.

Plaintiff subsequently alleges that on September 16, 2023, after contacting the Vallejo Police Department regarding violations of a restraining order between Plaintiff, his family, and another party, officers arrived eight hours later and detained Plaintiff, placing him in a patrol car. *Id*. Plaintiff alleges that he was arrested for vandalism for disabling the alarm system. *Id*. at 4.

## B. Procedural Posture

Plaintiff filed the original complaint on September 12, 2025 against Doe Officer Defendants, City of Vallejo and Vallejo Police Department. (ECF No. 1.) On December 31, 2025, Defendants filed a motion to dismiss with a hearing noticed for March 3, 2026. (ECF No. 6.) Plaintiff failed to file a timely opposition or statement of non-opposition. *See* Docket. On January 21, 2026, the Court vacated the March 3, 2026 hearing, provided

---

[2] These facts primarily derive from the FAC (ECF No. 15), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Plaintiff with another opportunity to file his opposition, and ordered Plaintiff to file an opposition or statement of non-opposition within 14 days. (ECF No. 7.)

On February 10, 2026 the Court granted Plaintiff's motion for an extension of time and Plaintiff was given an additional 30 days to file an opposition. (ECF No. 9.) On March 9, 2026, Plaintiff filed both an opposition to the motion to dismiss and a motion to amend the Complaint against Doe Defendant Officers and City of Vallejo only. (ECF Nos. 10, 11.) Defendants failed to oppose Plaintiff's motion to amend the Complaint. *See* Docket. On April 21, 2026, the Court granted Plaintiff's motion to amend the Complaint and denied the motion to dismiss without prejudice. (ECF No.14.) The First Amended Complaint was filed on April 22, 2026. (ECF No. 15.)

On May 5, 2026, Defendants filed a motion to dismiss the First Amended Complaint. (ECF No. 16.) Plaintiff again failed to file a timely opposition, and on May 27, 2026, the Court vacated the hearing noticed for June 30, 2026, and submitted the motion on record for written briefing. (ECF No. 17.) On June 10, 2026, Plaintiff filed a late opposition to the motion to dismiss. (ECF No. 18.) On June 18, 2026, Defendants replied to Plaintiff's opposition. (ECF No. 19.) On June 22, 2026, Plaintiff filed a motion for relief requesting that his untimely opposition be considered. (ECF No. 20.) On July 6, 2026, Defendants filed an opposition to Plaintiff's motion for relief. (ECF No. 21.)

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction, and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone,* 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id*. However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III. DISCUSSION**

Plaintiff brings claims arising under the Fourth Amendment pursuant to 42 U.S.C. § 1983 against the Doe Officer Defendants for the September 13, 2023 removal and the September 16, 2023 arrest, a claim arising under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against the Doe Officer Defendants for the September 13, 2023 removal, and a claim pursuant to 42 U.S.C. § 1983 under a *Monell* theory of liability against Defendant City of Vallejo for the September 13, 2023 removal. FAC at 4-6.

Defendants move to dismiss Plaintiff's Section 1983 Fourth Amendment removal claim, Fourth Amendment unlawful arrest claim, and Fourteenth Amendment Due Process claim on qualified immunity grounds. Def. Mot. at 3-4 (ECF No. 16). Separately, Defendants also move to dismiss Plaintiff's Fourth Amendment removal claim for failure

to allege an unlawful seizure. *Id*. at 2-3. Defendants move to dismiss Plaintiff's Due Process claim for failure to allege a protected property interest. *Id*. at 4-5. Defendants move to dismiss Plaintiff's *Monell* claim for failure to state a claim. *Id*. at 5-7. Last, Defendants argue that Plaintiff's state law claims are barred. *Id*. at 7.

Before examining Defendants' motion to dismiss, the Court first turns to Plaintiff's motion for relief to file a late opposition.

**A. Plaintiff's Motion for Relief to File a Late Opposition**

Plaintiff moves for relief under Federal Rule of Civil Procedure 6(b)(1)(B) for the Court to consider his late opposition, arguing that his failure to respond to the motion to dismiss was due to excusable neglect and difficulties with mail service. Pl. Mot. Relief (ECF No. 20 at 3). Defendants oppose Plaintiff's motion and argue that they would be prejudiced by the Court's allowance of a late opposition. Def. Opp. Mot. Relief (ECF No. 21 at 2.) Given Plaintiff's pro se status and the potential prejudice from not considering his opposition to a motion to dismiss his entire complaint, the Court grants Plaintiff's motion for relief. The Court will consider Plaintiff's opposition in ruling on the motion to dismiss the FAC. **Plaintiff has now missed filing deadlines multiple times and is expressly warned that any future late filings will not be accepted.**

**B. Defendants' Request for Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of

recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

Defendants request judicial notice of a Writ of Possession and Return on Writ of Possession issued by Solano County. Def. Req. Judicial Notice at 2 (ECF No. 16-1). The Court concludes this is a public government record properly subject to judicial notice, and grants Defendants' request. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F. 3d 1022, 1025 n.2 (9th Cir. 2006).

**C. Defendants' Motion to Dismiss**

1. Qualified Immunity

Defendants City of Vallejo and Doe Officer Defendants move to dismiss Plaintiff's Section 1983 Fourth Amendment removal and wrongful arrest claims and Fourteenth Amendment Due Process claims against the Doe Officer Defendants because they are entitled to qualified immunity. Def Mot. at 3. Plaintiff counters that qualified immunity is not appropriate because the FAC plausibly alleges a violation of constitutional rights, and that further discovery is needed to determine whether the qualified immunity defense is appropriate. Pl. Opp. at 4 (ECF No. 18.) "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Court declines to resolve the issue of qualified immunity at this pleading stage in the absence of a more developed factual record. *See Gomez v. City of Los Angeles*, 2023 WL 3431279, at *3 (C.D. Cal. Mar. 17, 2023) (quoting *Sabra v. Maricopa County Community College Dist*., 44 F. 4th 867, 892 (9th Cir. 2022) (*overruled on other grounds by Arizona Alliance for Retired Americans v. Mayes*, 2026 WL 2277101 (9th Cir. Aug. 7, 2026)).

2. Section 1983 Fourth Amendment Removal Claim against the Doe

Officer Defendants[3]

Defendants argue Plaintiff's Fourth Amendment removal claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege facts to suggest Plaintiff had a property right in his dwelling, that a valid writ of possession existed, and that he failed to allege the Doe Officer Defendants' actions were more than "mere acquiescence" to establish state action. Def. Mot. at 2-3 (quoting *Howerton v. Gabica*, 708 F. 2d 380, 383-84 (9th Cir. 1983)). Plaintiff counters that he has sufficiently pled a Fourth Amendment claim alleging wrongful removal. Pl. Opp. at 3.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011).

"The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers." *Holt v. Forsyth*, 2025 WL 2654134, at *2 (E.D. Cal. Sept. 16, 2025) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961)). "A 'seizure' of property occurs when there is some meaningful interference with the individual's possessory interests in that property." *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984) (quotation omitted).

Defendants argue that a Fourth Amendment deprivation did not occur on

[3] Defendants do not move to dismiss Plaintiff's Fourth Amendment wrongful arrest claim against Doe Officer Defendants for failure to state a claim under Rule 12(b)(6). *See* Defs. Mot.

September 13, 2023 because a valid writ of possession had existed prior to Plaintiff's removal from his house. Def. Mot. at 2. Defendants also argue the Officer Doe Defendants did not assist in effectuating a repossession of Plaintiff's dwelling and instead merely acquiesced. Def. Mot. at 2-3 (citing *Harris*, 664 F. 2d at 1127).

"Under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue." *In re Perl*, 811 F. 3d 1120, 1127-28 (9th Cir. 2016) (citing *Vella v. Hudgins*, 20 Cal. F.3d 251 (1977)). "No occupant of the premises retains any kind of possessory interest following service of the writ of possession." *Id*. (citing Cal. Civ. Code P. § 715.020(d)). Plaintiff does not contest the validity of the March 2023 writ of possession but instead argues that this action challenges the later police intervention occurring in September 2023, which he argues is invalid because no subsequent unlawful detainer action was filed, nor was a subsequent writ of possession issued. Pl. Opp. at 4. Further, Plaintiff alleges he has a possessory interest in the dwelling due to his reoccupation of the dwelling in April 2023. Pl. Opp. at 5. Plaintiff has failed to allege that he was granted permission to reoccupy the dwelling after the valid March 2023 writ of possession. Thus, Plaintiff has not alleged a possessory interest in the dwelling. *See Dix v. Edelman Financial Services, LLC*, 978 F. 3d 507, 514 (7th Cir. 2020) ("The existence of a landlord-tenant relationship is a legal conclusion that we can reject at the motion to dismiss stage."). Therefore, the Court concludes that Plaintiff has failed to allege a possessory interest to establish a Fourth Amendment violation and recommends dismissing his Section 1983 Fourth Amendment removal claim.

3. <u>Section 1983 Fourteenth Amendment Claim against the Doe Officer Defendants</u>

Defendants move to dismiss Plaintiff's Section 1983 due process claim against the Doe Officer Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to allege a property interest in his residence or a lack of process. Def. Mot. at 4-5. Conversely, Plaintiff alleges that he alleges a

possessory interest in his dwelling because he has alleged a reoccupation of the property, payment of utilities in his name, and the presence of other possessions in the property. Pl. Opp. at 5.

To state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the United States Constitution or from state law. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As stated above, despite Plaintiff alleging he has a "protected possessory interest in the dwelling," the Court concludes that Plaintiff has failed to allege a protected property interest by failing to plead how he was permitted re-entry of this dwelling or a landlord-tenant relationship for this dwelling following the March 2023 issuance of the writ of possession. FAC at 10; *see also, Shapiro v. Willowbrook Home LLC*, 2014 WL 3706703, at *6 (C.D. Cal. Jun. 23, 2014) (finding a Fourteenth Amendment Due Process claim failed where a plaintiff failed to allege the existence of a conventional relationship between a landlord and tenant). Therefore, the Court concludes that Plaintiff has failed to state a deprivation of a constitutionally protected property interest required to state a procedural due process claim under 42 U.S.C. Section 1983. The Court recommends dismissing Plaintiff's Fourteenth Amendment Section 1983 claim concerning the September 13, 2023 removal.

4. <u>Section 1983 *Monell* Claim against Defendant City of Vallejo</u>

Defendants move to dismiss Plaintiff's *Monell* claim against Defendant City of

Vallejo under Federal Rule of Civil Procedure 12(b)(6) for failing to allege factual allegations that Plaintiff's unlawful removal was carried out pursuant to a policy or custom, that there was a link between the policy or custom of Plaintiff's deprivation of property, and how a failure to train officers resulted in a constitutional violation. Def. Mot. at 6. In contrast, Plaintiff alleges that he satisfactorily pled a *Monell* claim. Pl. Opp. at 5.

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted). To allege a failure to train, Plaintiff must allege facts to support a reasonable inference of "(1) a constitutional violation; (2) a municipal training policy that amounts to

deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. County of San Diego*, 993 F. 3d 1134, 1153-1154 (9th Cir. 2020).

Here, Plaintiff alleges in support of his *Monell* claim that the policy at issue is "inadequate training and supervision of officers regarding the limits of police authority in civil landlord-tenant disputes." FAC at 5. Defendants argue that the *Monell* claim fails due to Plaintiff's failure to allege a specific policy or custom outside of a conclusory statement devoid of facts, a link between the alleged policy and Plaintiff's constitutional violation, and how the failure to train resulted in constitutional injury. Def. Mot. at 6-7. As a preliminary matter, Plaintiff's *Monell* claim arising out of Plaintiff's September 13, 2023 removal fails due to Plaintiff's inability to allege a constitutional injury. The Court also agrees with Defendants that Plaintiff's allegations regarding a policy are conclusory and fails to convey deliberate indifference to Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Thus, the Court recommends dismissing Plaintiff's *Monell* claim.

**D. Plaintiff's State Law Claims**

Defendants move to dismiss state law claims of negligence and intentional infliction of emotional distress pursuant to California Government Code § 945.4 for failure to comply with procedural requirements under the Act, such as submitting a claim to the public entity before initiating the lawsuit. Def. Mot. at 7 (citing *Phillips v. Desert Hosp. Dist.* 49 Cal. 3d 699, 708 (1989)). Plaintiff responds by arguing that his primary claims arise under 42 U.S.C. § 1983 and does not oppose the dismissal of any state-law claims without prejudice. Pl. Opp. at 6. Upon review of the FAC, the Court finds that Plaintiff only raises causes of action arising under 42 U.S.C. § 1983 and does not appear to allege violations of state tort law. Therefore, the Court denies Defendants' motion to dismiss as unnecessary.

**E. Plaintiff's Options**

Plaintiff may proceed forthwith to serve Doe Officer Defendants and pursue his Fourth Amendment wrongful arrest claim under Section 1983. Or, Plaintiff may delay serving any Defendant and attempt again to state cognizable claims against Defendant City of Vallejo. If Plaintiff elects to proceed forthwith against Doe Officer Defendants as to his Fourth Amendment wrongful arrest claim under Section 1983, then within thirty (30) days of the District Court's order, Plaintiff must so elect on the appended form. In this event, the Court will construe Plaintiff's election as consent to the dismissal of his Fourth Amendment removal claim under Section 1983 against Doe Officer Defendants, Fourteenth Amendment Due Process claim under Section 1983 against Doe Officer Defendants, and *Monell* claim against Defendant City of Vallejo. Under this option, Plaintiff does not need to file a Second Amended Complaint.

Or, Plaintiff may delay serving any Defendant and attempt again to cure the deficiencies identified above. If Plaintiff elects to attempt to amend his FAC to cure the deficiencies identified above, he has thirty days to do so.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain

defendants”). The amended complaint must not require the court to spend its time “preparing the ‘short and plain statement’ which Rule 8 obligated plaintiffs to submit.” *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines “to determine who is being sued for what.” *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. The amended complaint should be titled “Second Amended Complaint.” Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

**IV. CONCLUSION**

Accordingly, the Court GRANTS Plaintiff’s motion for relief to file a late opposition (ECF No. 20).

Further, based upon the findings above, it is RECOMMENDED:

1. Plaintiff’s Fourth Amendment removal claim under Section 1983 against Doe Officer Defendants, Fourteenth Amendment Due Process claim under Section 1983 against Doe Officer Defendants, and *Monell* claim against Defendant City of Vallejo be DISMISSED with leave to amend;
2. Plaintiff may proceed on his Fourth Amendment wrongful arrest claim under Section 1983 against Doe Officer Defendants. If Plaintiff chooses to proceed solely as to this claim, Plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of the district court’s order ruling on these findings and recommendations. In that event, the Court will construe Plaintiff’s election to proceed forthwith as consent to an order dismissing the defective claims without prejudice;
3. Plaintiff shall have 30 days from the date of any order by the district judge ruling on these findings and recommendations to file an amended

complaint that complies with the instructions provided. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed. **Plaintiff is instructed not to file any amended complaint until the district judge rules on these findings and recommendations.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, suna.2624.25.mtd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARVINDER PAL SINGH SUNAK,

Plaintiff,

v.

CITY OF VALLEJO, et al.,

Defendants.

No. 2:25-cv-02624-TLN-CSK (PS)

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with his Section 1983 wrongful arrest claim against Doe Officer Defendants. Under this option, Plaintiff consents to dismiss his Fourth Amendment removal claim against the Doe Officer Defendants, Fourteenth Amendment Due Process claim against the Doe Officer Defendants, and *Monell* claim against Defendant City of Vallejo without prejudice.

**OR**

______ Plaintiff opts to file a second amended complaint and delay service of process.

DATED: ________

____________________________

Plaintiff